UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

ROBERT MICHAEL SHENK, Derivatively )
on Behalf of SIRIUS XM RADIO INC.,, )
)
          Plaintiff, )
)
        -against- )
)
MELVIN ALAN KARMAZIN, GARY )
PARSONS, JOAN L. AMBLE, LEON D. )
BLACK, EDDY W. HARTENSTEIN, )
JAMES P. HOLDEN, JAMES F. MOONEY, )
JACK SHAW, GREGORY B. MAFFEI, )
JOHN C. MALONE, DAVID J.A. )
FLOWERS, CARL E. VOGEL and )
VANESSA A. WITTMAN, )
)
         Defendants, )
)
  and )
)
SIRIUS XM RADIO INC. )
)
       Nominal Defendant. )

------------------------------------------------------- x

No. 11-CV-02943-JSR

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/11

## PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

- 2 -

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. In order to protect proprietary information of the producing person from disclosure to another party in the case, the person producing any given Discovery Material may designate as "Highly Confidential" such portion of such material that the disclosing person has a reasonable and good faith belief would merit Confidential treatment as defined in paragraph 2 and further constitutes particularly sensitive proprietary information. Discovery Material designated "Highly Confidential" is hereinafter included in the term "Confidential Discovery Material."

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that all or certain information or testimony is Confidential or Highly Confidential, or may send written notice within ten days of receipt of the transcript designating all or a portion of the transcript Confidential or Highly Confidential. The entirety of any deposition transcript will be treated as Highly Confidential for a ten day period following receipt of the transcript or until receipt of the notice, whichever occurs earlier.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing within thirty days of identifying the Discovery Material that should have been designated Confidential or Highly Confidential, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall use for any purpose whatsoever any of the Discovery Material designated by the producing person as Confidential or Highly Confidential other than for the prosecution or defense of this action. This

paragraph shall not prevent the counsel for either party who have reviewed Confidential Discovery Material of the other party from providing legal advice to their respective client.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person, except to those persons identified in sections 7(b), 7(c), 7(e), 7(f), and 7(g) or as otherwise agreed to by counsel for the producing person.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Further, at least seven (7) days before the disclosure of any Confidential Discovery Material to any person referred to in subparagraph 7(e), an attorney for the receiving person shall serve a Notice on the producing person identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all cases in which, during the previous four (4) years, the person testified as an expert at trial or by deposition. If counsel for the producing party objects in writing to the disclosure of Confidential Discovery Material to the person identified by the Notice before the expiration of the seven (7) days, the parties shall follow the procedures set out in paragraph 11 below to resolve the dispute before any Confidential Discovery Material is disclosed to the person identified by the Notice.

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that each parties' outside counsel may maintain one copy for archival purposes of its correspondence file of this case, its pleading file (including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party represented and any briefs and appendix on appeal and all legal research memoranda), and its file of deposition transcripts and accompanying exhibits, and trial transcripts and accompanying exhibits.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 14, 2011

By: **KAHN SWICK & FOTI, LLC**

/s/ Albert M. Myers

Albert M. Myers
Lewis S. Kahn
Melinda A. Nicholson
206 Covington Street
Madisonville, LA 70477
(504) 455-1400
Fax: (504) 455-1498

*Attorneys for Plaintiff Robert Michael Shenk*

By: **JONES DAY**

Todd R. Geremia

Robert C. Micheletto
Todd R. Geremia
Nina Yadava
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Defendants Gary Parsons, Joan L. Amble, Leon D. Black, Eddy W. Hartenstein, James P. Holden, James F. Mooney, Jack Shaw, Gregory B. Maffei, John C. Malone, David J.A. Flowers, Carl E. Vogel and Vanessa A. Wittman*

By: **SIMPSON THACHER & BARTLETT LLP**

Bruce D. Angiolillo
Jonathan K. Youngwood
Susannah S. Geltman
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Nominal Defendant Sirius XM Radio Inc. and Defendant Melvin Alan Karmazin*

- 8 -

NYI-4404255v1

                                              **SIMPSON THACHER & BARTLETT LLP**

By:  *[signature]*

                                              Bruce D. Angiolillo
                                              Jonathan K. Youngwood
                                              Susannah S. Geltman
                                              425 Lexington Avenue
                                              New York, New York 10017
                                              Telephone: (212) 455-2000
                                              Facsimile: (212) 455-2502

                                              *Attorneys for Nominal Defendant Sirius XM Radio*
                                              *Inc. and Defendant Melvin Alan Karmazin*

SO ORDERED.

                                                            *[signature]*
                                                     JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 30, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
ROBERT MICHAEL SHENK, Derivatively )
on Behalf of SIRIUS XM RADIO INC.,, )
                                    )
        Plaintiff,                  )
                                    )
        -against-                   )
                                    )    No. 11-CV-02943-JSR
MELVIN ALAN KARMAZIN, GARY          )
PARSONS, JOAN L. AMBLE, LEON D.     )    ECF CASE
BLACK, EDDY W. HARTENSTEIN,         )
JAMES P. HOLDEN, JAMES F. MOONEY,   )
JACK SHAW, GREGORY B. MAFFEI,       )
JOHN C. MALONE, DAVID J.A.          )
FLOWERS, CARL E. VOGEL and          )
VANESSA A. WITTMAN,                 )
                                    )
        Defendants,                 )
                                    )
        and                         )
                                    )
SIRIUS XM RADIO INC.                )
                                    )
        Nominal Defendant.          )
------------------------------------------------------- x

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for

- 2 -

the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                              _____